◼ ELLIS HOSPITAL CORPORATION, Appellant, v JAMES PERCENT, Doing Business as CENTRAL TELEVISION RENTALS, RESPONDENT. (ACTION NO. 1.) JIM PERCENT, Also Known as CENTRAL TELEVISION RENTALS, Respondent, v ELLIS HOSPITAL CORPORATION, Appellant. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term, entered June 16, 1977 in Schenectady County, which, *inter alia,* denied appellant's motion for summary judgment for the relief demanded in its complaint in Action No. 1 and for dismissal of respondent's complaint in Action No. 2. The sole issue considered by the parties and/or their counsel upon the motion at Special Term and again upon this appeal was whether or not the bar of the Statute of Frauds (General Obligations Law, § 5-701) to an oral contract exceeding one year in performance could be waived. Special Term, in its decision, indicated that an oral contract exceeding one year in performance was unenforceable, but, nevertheless, found an issue of fact as to whether the agreement of the parties was to extend for a period of more than one year. The respondent, in Action No. 2, pleaded an oral agreement exceeding one year and the appellant pleaded the Statute of Frauds. Special Term should have granted the motion to dismiss the complaint in Action No. 2 as there was no issue as to the contract's duration raised by the pleadings in that action. As to Action No. 1 and the motion for summary judgment, Special Term noted: "since he [respondent] has not pleaded the Statute of Frauds as a defense, *nor indicated any desire to so assert it,* nor presented any evidentiary material contravening the proof submitted by Ellis [appellant] * * * the court has no alternative but to grant Ellis' [appellant] motion for summary judgment on the question of liability." (Emphasis supplied.) Given such a background, the court erred in *sua sponte* granting leave to respondent to serve an amended answer. Order reversed, on the law, with costs; motion of appellant granted to the extent of dismissing the complaint in Action No. 2,

without costs, and striking the defendant's answer in Action No. 1, without costs, and remitting Action No. 1 for an assessment of damages. Mahoney, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.